**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| JEROME M. COLLINS, | : |
| Petitioner, | : Civil Action No. 11-103 (JBS) |
| v. | : **OPINION** |
| PHIL MORGAN, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

**APPEARANCES:**

    JEROME M. COLLINS
    Howard R. Young Correctional Institution
    P.O. Box 9561
    Wilmington, DE 19809
    Petitioner Pro Se

**SIMANDLE**, District Judge

Jerome M. Collins ("Petitioner") has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition")(D.I. 2), as well as a Motion for Leave to Proceed In Forma Pauperis (D.I. 1). Petitioner is a prisoner in the custody of the State of Delaware who is currently incarcerated at the Howard R. Young Correctional Institution in Wilmington, Delaware. Having thoroughly reviewed Petitioner's submissions, this Court will summarily dismiss the Petition without prejudice for failure to exhaust state remedies.

## I. BACKGROUND[1]

Petitioner was sentenced to fifteen (15) years of imprisonment after pleading guilty to second degree murder in the Delaware Superior Court on July 8, 2010. (D.I. 2) Petitioner did not appeal his conviction or sentence, and he has not yet pursued post-conviction review in the Delaware State Courts. Id.

The Petition, docketed in this Court on February 1, 2011, asserts two claims: (1) the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963) by withholding exculpatory and material evidence; and (2) Petitioner's trial counsel provided constitutionally ineffective assistance of counsel.

## II. STANDARD OF REVIEW

Federal courts are required to liberally construe pro se filings. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief." See Rule 4, 28 U.S.C. foll. § 2254; see also 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall . . . issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the face of the application that the

---

[1] The Court's recitation of the procedural history is based upon the information provided by Petition in his form Petition under 28 U.S.C. § 2254. See (D.I. 2).

2

applicant or person detained is not entitled thereto.") Except in unusual circumstances, a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for all of his habeas claims. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). A petitioner demonstrates that a claim has been "exhausted" in state court by showing that he presented the legal and factual basis of each claim to the Delaware Supreme Court. Duncan v. Henry, 513 U.S. 364, 365 (1995).

When a claim has not been exhausted but further state court review is clearly foreclosed, the claim is deemed to be procedurally defaulted. Carpenter v. Vaughn, 296 F.3d 138, 147 (3d Cir. 2002). Such procedurally defaulted claims may be reviewed in a federal habeas proceeding upon a showing of cause and prejudice, or upon a showing that a miscarriage of justice will result from lack of review. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000). However, under § 2254(c), a petitioner will not be deemed to have exhausted available state remedies if he has the right under the law of the state to raise, by any available procedure, the question presented. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). Consequently, if a petitioner presents a federal court with a federal habeas application consisting entirely of unexhausted claims, and further review of those claims is still

3

available in the state courts, the federal court will ordinarily dismiss the habeas application without prejudice in order to give the petitioner an opportunity to present the unexhausted claims to the state courts. See Rose, 455 U.S. at 519-22; Waples v. Phelps, 2008 WL 1743400, at *2 (D. Del. Apr. 16, 2008).

### III. DISCUSSION

The statements in the Petition clearly demonstrate that Petitioner did not appeal his conviction and sentence to the Delaware Supreme Court, and that he also has not pursued any further collateral review in the Delaware State Courts. (D.I. 2) Therefore, Petitioner has failed to exhaust state remedies for both of his claims.

In turn, even though the time for filing a direct appeal from his conviction and sentence to the Delaware Supreme Court has passed,[2] Petitioner can still pursue state remedies by filing a Rule 61 motion for post-conviction relief in the Delaware Superior Court. See Del. Super. Ct. Crim. R. 61(i). Although Rule 61 imposes several procedural hurdles that must be satisfied before a state court will consider the merits of a petitioner's claims,[3] it does not appear that further state review is clearly foreclosed in this case. For instance, it would seem that a Rule

---

[2] Del. Supr. Ct. R. 6(a)(ii).

[3] See Younger v. State, 580 A.2d 552, 554 (Del. 1990); McNeil v. Snyder, 2002 WL 202100, at *5 (D. Del. Feb. 8, 2002).

4

61 motion would not be time-barred because one year has not yet passed from the date on which Petitioner's conviction became final. See Del. Super. Ct. Crim. R. 61(i)(1)(imposing a one year filing deadline from the date on which Petitioner's conviction became final). It also appears that the bars contained in Rule 61(i)(2) and (4) also would not apply to either of the instant claims because Petitioner did not file a direct appeal or a previous Rule 61 motion. See Del. Super. Ct. Crim. R. 61(i)(2), (4); Robinson v. State, 562 A.2d 1184, 1185 (Del. 1989). Additionally, a Rule 61 motion raising the instant ineffective assistance of counsel claim would not seem to be barred by Rule 61(i)(3), because Delaware law requires ineffective assistance of counsel claims to be presented to the Superior Court in a Rule 61 motion, not to the Delaware Supreme Court on direct appeal. See Del. Super. Ct. Crim. R. 61(i)(3); Webster v. Kearney, 2006 WL 572711, at *4 (D. Del. Mar. 8, 2006); State v. McCluskey, 2000 WL 33114370, at *11 (Del. Super. Ct. Nov. 29, 2000).

And finally, even though Petitioner's failure to present his Brady claim on direct appeal may cause that claim to be procedurally defaulted under Rule 61(i)(3), there is the possibility that this procedural default can be avoided through Rule 61(i)(5)'s miscarriage of justice provision. See Del. Super. Ct. Crim. R. 61(i)(5); see, e.g., Zebroski v. State, ___ A.2d ____, 2010 WL 797013 (Del. Mar. 9, 2010)(remanding case to

5

Superior Court to consider whether further review of the defendant's procedurally barred claims was required under the "miscarriage of justice" exception contained in Rule 61(i)(5)). Given this possibility, and the absence of any other indication that a Rule 61 motion would not be accepted by the Delaware Superior Court if promptly and properly pursued, the Court finds that further state court post-conviction review of either claim is not clearly foreclosed.

In short, it is clear that Petitioner has not exhausted state remedies for the instant claims because he has not yet pursued post-conviction review in the Delaware State Courts. In turn, should the Superior Court deny a Rule 61 motion filed by Petitioner, Petitioner can satisfy the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) by appealing the adverse decision to the Delaware Supreme Court. Accordingly, the Petition will be dismissed without prejudice for failure to exhaust state court remedies.[4]

## IV. **CONCLUSION**

For the aforementioned reasons, the Court will dismiss without prejudice the instant § 2254 Petition. The Court will also decline to issue a certificate of appealability because

---

[4] Petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Acting pro se, Petitioner is responsible for determining the events that trigger and toll the limitations period, as well as the time remaining in the limitations period once it starts again after such tolling.

Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2008); <u>United States v. Eyer</u>, 113 F.3d 470 (3d Cir. 1997).

An appropriate Order accompanies this Opinion.

                                                      **s/ Jerome B. Simandle**
                                                     JEROME B. SIMANDLE
                                                     United States District Judge

Date: **May   24  , 2011**